IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CRYSTAL PERKS, as Special Administrator of the Estate of JASON WAYNE COX, SR., Deceased, ) ) ) ) Plaintiff, ) v. ) ) COUNTY OF SHELBY, an Illinois ) Corporation, d/b/a SHELBY COUNTY ) JAIL, SHERIFF MICHAEL MILLER, ) TERRY B. HEIMAN, ADAM D. SMITH, ) CORRECTIONAL OFFICER RYAN ) MOORE (Star No. 408), CHERYL ANNE ) WOODS and VAL RHODES, ) ) Defendants. ) | No. 09-3154 |

_____

CHERYL ANNE WOODS,                         )
                                           )
        Cross-Plaintiff,                   )
                                           )
v.                                         )
                                           )
COUNTY OF SHELBY, SHERIFF                  )
MILLER, TERRY B. HEIMAN, ADAM              )
D. SMITH, RYAN MOORE and VAL               )
RHODES,                                    )
                                           )
        Cross-Defendants.                  )

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Cross-Defendants' motion to dismiss the cross-claim for contribution filed by Defendant/Cross-Plaintiff Cheryl Anne Woods.

I.

Plaintiff Crystal Perks, as Special Administrator of the Estate of Jason Wayne Cox, filed a six-count Complaint pursuant to 42 U.S.C. § 1983 against Shelby County, Shelby County Sheriff Mike Miller, County Correctional Officers Ryan Moore, Terry Heiman, Adam Smith and Val Rhodes and Licensed Clinical Social Worker, Cheryl Anne Woods. The claims are based on Cox's suicide at the Shelby County Jail on June 21, 2008. Cox committed suicide after spending ten days in jail following his June 11, 2008 conviction for criminal trespass, which resulted in his being sentenced to six months of incarceration. In her Complaint, Perks alleged that Cox had a psychiatric history, had attempted suicide five months earlier and the Defendants should have done more to prevent Cox from taking his

2

own life.

Defendant/Cross-Plaintiff Woods filed a motion to dismiss Count I, which was denied. Woods filed an Answer to Count III and filed a cross-claim against the other Defendants in the case. In the cross-claim, Woods specifically denies liability but asserts that if she is ultimately found liable, she is entitled to contribution from the other Defendants in an amount equal to the percentage or proportion to which the conduct of the other Defendants was a proximate cause of the Plaintiff's damages, if any.

II.

In support of their motion to dismiss, the Cross-Defendants note that the claims in this case are based on § 1983. Because § 1983 does not expressly authorize contribution among joint tortfeasors, it falls to courts to determine whether Congress intended to include a right of contribution in § 1983 actions or whether such a right exists under federal common law. See Texas Industries Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638 (1981). The Cross-Defendants assert that although this question has never been answered by the Supreme Court of the United States or the Seventh

3

Circuit Court of Appeals, this Court and other federal district courts have concluded that no right to contribution exists in § 1983 actions. See Estate of Amon Paul Carlock, Deceased, by Mary L. Andreatta-Carlock v. Williamson, 2009 WL 1708088 (C.D. Ill. June 12, 2009); Mathis v. United Homes, LLC, 607 F. Supp.2d 411 (E.D. N.Y. 2009).

The Cross-Defendants assert that Williamson involves virtually the same situation as this case and is dispositive. In that case, the representative of a jail inmate who died sued various employees and doctors working at the Sangamon County jail under § 1983, claiming that the defendants were deliberately indifferent to the decedent's serious medical condition. See Williamson, 2009 WL 1708088, at *1. The jail employees filed a contribution action against the jail's doctors, asserting that if they were found liable to plaintiff that the defendant-doctors should be liable to the jailer-defendants to the extent that they were also found liable for the decedent's death. See id. However, Judge Scott dismissed the contribution action, observing that a majority of the courts that have addressed the issue have determined that "no right of contribution exists for joint tortfeasors in

civil rights cases" brought under § 1983.  Id. at *4 (citing Mathis, 607 F. Supp.2d at 427 n.17).

In Williamson, the Court noted that the district court in Mathis had thoroughly analyzed the issue of whether a contribution or indemnification action can lie in civil rights cases brought under 42 U.S.C. §§ 1981, 1982 and 1985.  The court in Mathis determined that no such action lies under these sections of the Civil Rights Act since a right of contribution does not implicate "uniquely federal interests," nor has Congress ever implied that a right of contribution exists under the Civil Rights Act.  607 F. Supp.2d at 420-21, 426.  "Contribution and/or indemnity rights should not be read into federal statutes to protect the persons regulated by the statute [i.e., constitutional tortfeasors] at the expense of the persons protected by the statute [i.e., victims of constitutional violations]." Id. at 424. Accordingly, the Cross-Defendants ask the Court to follow the approach of Williamson and Mathis.

In her response, Cross-Plaintiff Woods alleges that in the Williamson case, all Defendants were given leave to file amended or additional cross-

5

claims. She states that the Defendants in that case have filed a new cross-claim seeking contribution in tort on the Civil Rights claims, and will seek to convince that Court in that case, and the Court in this case, that the motion to dismiss the contribution claim should be denied. Regardless of whether the Defendants have filed a new cross-claim seeking contribution in tort on the Civil Rights claims, it appears as though that issue has been ruled upon.

Woods first states that this Court should follow the reasoning of the Third Circuit in Miller v. Apartments & Homes of New Jersey, Inc., 626 F.2d 101 (3d Cir. 1981), wherein that court held that (1) the issue of the availability of contribution is a federal law issue; and (2) there is a federal common law right of contribution in civil rights cases. See id. at 107-08. A Westlaw search shows that Miller has been criticized and disregarded by most courts which have cited the case. This Court declines to follow its reasoning.

Woods further alleges that the Court should look at the pleadings and alignment of the parties and the particular state contribution laws involved,

rather than simply adopting a blanket prohibition against contribution. Woods also relies on Robertson v. Wegman, 436 U.S. 584 (1978). In discussing the test for inconsistency of state law with a § 1983 action, Woods cites the following passage from that case:

> It is true that § 1983 provides a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation. That a federal remedy should be available, however, does not mean that a § 1983 plaintiff (or his representative) must be allowed to continue an action in disregard of the state law to which § 1988 refers us. A state statute cannot be considered inconsistent with federal law merely because the statute causes the plaintiff to lose the litigation. If the success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant. But § 1988 quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby. Under the circumstances presented here, the fact that Shaw was not survived by one of several close relatives should not itself be sufficient to cause the Louisiana survivorship provisions to be deemed inconsistent with the Constitution and laws of the United States.

Robertson, 436 U.S. at 593 (internal quotation marks and citations omitted). Woods alleges that the application of the Robertson considerations relating to inconsistency, the pleadings and alignments of the

parties in this case, and the nature of the purpose of the contribution laws of the State of Illinois should lead to a conclusion that the contribution laws are not inconsistent with the § 1983 statutory scheme.

The Court finds <u>Robertson</u> to be inapposite.  Since <u>Robertson</u> was decided, the Supreme Court has determined that when a federal statute such as § 1983 is involved, a court's task is to ascertain whether Congress intended to include a right of contribution between joint tortfeasors in those actions or determine whether such a right exists under federal common law.  <u>See</u> <u>Texas Industries, Inc.</u>, 451 U.S. at 638.  The Court need not delve deeply into Illinois State law on contribution.  In concluding that Congress did not intend to include a right of contribution and that no such right exists under federal common law, the Court follows the reasoning of most courts, including this one, that have considered those questions. Accordingly, the cross-claims for contribution based on § 1983 will be dismissed.

<u>Ergo</u>, the Cross-Defendants' motion to dismiss the cross-claim for contribution filed by the Defendant/Cross-Plaintiff [d/e 34] is ALLOWED.

8

This case is referred to United States Magistrate Judge Charles H. Evans for the purpose of scheduling a discovery conference.

ENTER: September 15, 2009

    FOR THE COURT:

                              s/Richard Mills
                              United States District Judge